IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN M. HARRIS-SCOTT,<br><br>    Plaintiff,<br><br>  v.<br><br>JEFFREY IMMELT and THE WALT DISNEY CORPORATION,<br><br>    Defendants.<br>_____/ | No. C 12-80143 JSW MISC<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION WITH OUT PREJUDICE AND REQUIRING REFILING CIVIL MATTER** |

On June 15, 2012, the Court received a motion for preliminary injunction file by Plaintiff Helen M. Harris-Scott, proceeding *pro se*. The Court finds that the motion was improperly filed as a miscellaneous matter and should be filed in conjunction with a civil case. What has been noticed in the miscellaneous case as a motion for preliminary injunction is DENIED without prejudice. The Court FURTHER ORDERS that by no later than July 6, 2012, Plaintiff shall submit amended pleadings to commence a proper civil case. In conjunction with an amended complaint and a copy of this Order, Plaintiff shall either pay the $350.00 filing fee with the Court or file an application to proceed *in forma pauperis*.

The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). The *in forma pauperis* statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious; (2) fails to state a

claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Where a complaint fails to state that any constitutional or statutory right was violated and fails to assert any basis for federal subject matter jurisdiction, there is no arguable basis in law under *Neitzke* and the court may dismiss the complaint under 19 U.S.C. § 1915(e)(2)(B).

Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3). California superior courts are courts of general, unlimited jurisdiction and can render enforceable judgments in practically any type of case. However, federal courts have limited jurisdiction. Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377.

It appears that Plaintiff asserts claims for violations of her rights under the First, Fourteenth and Eighth Amendments to the United States Constitution. However, 42 U.S.C. § 1983 ("Section 1983") provides the exclusive remedy for claims alleging violations of federal constitutional rights. *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 917 (9th Cir. 2003). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's claims as currently pled are not cognizable because they do not satisfy the second element of a Section 1983 claim. Suits against private individuals do not satisfy the second essential element of a claim under Section 1983 because private individuals do not act under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under Section 1983. *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974). Plaintiff's purported claims against Defendants are not cognizable because the Defendants are private parties that are not liable under Section 1983.

If Plaintiff wishes to pursue a civil action, she must submit a proper amended filing with a copy of this Order by no later than July 6, 2012, pay the $350.00 filing fee or submit an application to proceed *in forma pauperis*. Plaintiff should be mindful any civil case shall be dismissed if the Court finds that it is lacking subject matter jurisdiction. Once the Plaintiff has perfected the civil case filing, the Clerk shall refund Plaintiff the $46.00 filing fee for miscellaneous matters.

Failure to file a cognizable legal claim in a proper civil action by this date shall result in dismissal of this action with prejudice. The Court advises Plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office. The Court also advises Plaintiff that additional assistance may be available by making an appointment with the Legal Help Center, which is located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102.

**IT IS SO ORDERED.**

Dated:   June 20, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN M. HARRIS-SCOTT,<br><br>    Plaintiff,<br><br>  v.<br><br>JEFFREY IMMELT et al,<br><br>    Defendant.<br>_____ / | Case Number: CV12-80143 MISC JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 20, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Helen M. Harris-Scott
15 Putnam Street
San Francisco, CA 94110

Dated: June 20, 2012

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk